IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| MCKLOYD BROOKS,<br><br>   Petitioner,<br><br> v.<br><br>WARE COUNTY JAIL; and RANDY ROYAL,<br><br>   Respondents. | CIVIL ACTION NO.: 5:19-cv-124 |

**<u>ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

Petitioner McKloyd Brooks ("Brooks") filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, as amended. Docs. 1, 6. For the reasons which follow, I **RECOMMEND** the Court **DISMISS without prejudice** Brooks' Amended Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Brooks *in forma pauperis* status on appeal and a Certificate of Appealability.[1] Additionally, I **VACATE** the

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice that claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Brooks his suit is due to be dismissed. As indicated below, Brooks will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

February 7, 2020 Report and Recommendation and enter the following in its stead. However, my February 7, 2020 Order denying Brooks *in forma pauperis* status remains the Order of the Court. Doc. 5.

## BACKGROUND

On December 23, 2019, Brooks filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus and a Motion for Leave to Proceed *in Forma Pauperis*. Docs. 1, 2. The Court deferred ruling on Brooks' Motion, as it was not clear whether he wished to attack his custody in a state penal institution or his conditions of confinement. Doc. 3 at 1. The Court directed Brooks to either amend his Petition or file a civil rights action and to submit the proper form within 21 days. Id. To assist Brooks, the Court also directed the Clerk of Court to provide blank copies of a 28 U.S.C. § 2254 form, a 42 U.S.C. § 1983 form, and this Court's preferred *in forma pauperis* form. Id. The Court warned Brooks his failure to follow this Court's Order "in a timely or otherwise appropriate manner will result in the dismissal of his Petition without prejudice for failure to follow a Court Order and failure to prosecute." Id. at 2. That Order and the attachments, docs. 3, 3-1, 3-2, 3-3, were not returned to the Court as undeliverable or as otherwise failing to reach Brooks. Brooks did not respond to the Court's Order within 21 days, as directed. Brooks had not made any filings in this case since he filed his Petition and motion for leave to proceed *in forma pauperis*. Thus, I recommended the Court dismiss without prejudice Brooks' Petition for failure to follow this Court's Order and failure to prosecute. Doc. 4. Brooks then filed an Amended Petition on February 13, 2020. Doc. 6.

## DISCUSSION

In his Amended Petition, Brooks states he is challenging a judgment of conviction obtained in Ware County Court. Doc. 6 at 1. However, Brooks fails to list a case number and

2

does not provide a date of sentencing, instead stating there are none, yet also stating he was given a 12-month sentence.  Id.  It appears Brooks claims he was in DeKalb County, Georgia, but was transported to Ware County, Georgia.  Id. at 3.  While he claims he filed a direct appeal in DeKalb County, id. at 2, he also states he filed no other pleadings, such as a petition, concerning any judgment in state court, id. at 3.  Brooks also claims no charges were filed against him.  Id. at 4.  As relief, Brooks asks to not be charged with a crime.  Id. at 15.[2]

**I.      Whether Brooks Exhausted his State Remedies**

Brooks' Petition should be dismissed because he failed to exhaust his available state remedies prior to filing his Petition.  Brooks' attempt to label his initial Petition as a § 2241 petition does not help, nor does his submission of a 28 U.S.C. § 2254 petition as his Amended Petition.

"A state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus."  Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003).  Two different statutes govern the single post-conviction remedy of the writ of habeas corpus, 28 U.S.C. §§ 2241 and 2254.  "The difference between the statutes lies in the breadth of the situations to which they apply."  Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004) (quoting Medberry, 351 F.3d at 1059).  A writ of habeas corpus may issue to a prisoner pursuant to § 2241 if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Section 2254 "applies to a subset of those to whom" Section 2241(c)(3) applies.  Id. at 786.  This Section applies to "'a person in custody *pursuant to the judgment of a State court*' who is 'in custody in violation of the Constitution or law or

---

[2]      While Brooks elected to use the § 2254 Petition form provided by the Court, it is still unclear what relief Brooks seeks and what proceedings he seeks to attack.  Thus, the Court could still dismiss Brooks' Amended Petition, as he did not comply with the Court's Order to clarify his claims.

treaties of the United States.'" Id. (quoting § 2254(a) (emphasis in original)).  While "the habeas corpus remedy is authorized by § 2241," it is "also subject to § 2254 and all of its attendant restrictions."  Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004).  "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition."  Thomas, 371 F.3d at 787.

Prior to filing a petition for writ of habeas corpus in federal court, a petitioner must first satisfy the requirement that he seek relief from the courts within his state of conviction.  That requirement is as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State."  O'Sullivan v. Boerckel, 526 U.S. 838, 839–40, 847 (1999).  Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established

4

appellate review process." Id. at 845.  This exhaustion requirement also extends to a state's collateral review process.  Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004).  Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a § 2254 petition requires that the petition be dismissed.  See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds, as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true.  See 28 U.S.C. §§ 2254(b) & (c).  First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim."  Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2).  The State may also explicitly waive the exhaustion requirement.  Hills, 441 F.3d at 1376.  Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B).  The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief."  Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

Brooks has not shown this Court should entertain his federal petition.[3]  It appears from the face of his Amended Petition he has not exhausted his state remedies prior to the filing of his

---

[3] Pursuant to Rule 4 of the Rules Governing § 2254 Cases:

> The clerk must promptly forward the petition to a judge . . ., and the judge must promptly examine [the petition].  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Petition, as amended. Doc. 6 at 2–3 (Brooks stating that he did not seek review of his case by a higher court or by way of any other post-conviction proceeding). In addition, there is no evidence corrective process in the State of Georgia is unavailable. See O.C.G.A. § 9-14-40 *et seq.*(setting forth Georgia's general habeas proceedings). Brooks failed to exhaust his available state remedies prior to filing his Petition, and his Petition should be dismissed, without prejudice.[4]

## II.    Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Brooks leave to appeal *in forma pauperis* and a Certificate of Appealability. Though Brooks has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v.

---

[4] Additionally, it is unclear whether Brooks is "in custody" for purposes of habeas relief. Under § 2254, a "person in custody pursuant to a judgment of a State court" may seek a writ of habeas corpus from a federal district court "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). To be "in custody" within the meaning of § 2254, the United States Supreme Court has historically required a petitioner suffer "substantial restraints" on his liberty "as a result of a state-court criminal conviction." Lehman v. Lycoming Cnty. Children's Servs. Agency, 458 U.S. 502, 510 (1982). The typical habeas corpus petitioner is a prisoner who wishes to challenge his conviction. See id. at 508. Brooks' filings indicate he has not been convicted.

6

United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued.  A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right.  The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Id.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000).  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims."  Miller-El, 537 U.S. at 336.

Based on the above analysis of Brooks' Amended Petition and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability.

Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, the Court should likewise **DENY** Brooks *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DISMISS without prejudice** Brooks' Amended Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Brooks *in forma pauperis* status on appeal and a Certificate of Appealability.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of

Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 22nd day of January, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA